857 So.2d 975 (2003)
Sandra WALL, and James Wall, her husband, Appellants,
v.
COSTCO WHOLESALE CORPORATION, Appellee.
No. 3D02-2962.
District Court of Appeal of Florida, Third District.
October 29, 2003.
Anthony J. Scremin, Miami, for appellants.
Vernis & Bowling, and David W. Grossman, and Christopher J. Hunt, North Miami, for appellee.
Before GERSTEN, RAMIREZ, and SHEPHERD, JJ.
PER CURIAM.
Sandra Wall and James Wall ("plaintiffs") appeal an adverse order denying *976 their motion for new trial in a negligence action brought against Costco Wholesale Corporation ("Costco"). We reverse.
The plaintiffs sued Costco after Sandra slipped and fell at a Costco store. According to the plaintiffs, Costco failed to maintain its premises in a reasonably safe condition by allowing water and grapes to collect on the floor. The plaintiffs alleged that Sandra slipped on the floor and suffered injuries to her left ankle, as a result of the slippery and unreasonably dangerous condition. Costco denied liability and asserted Sandra's own comparative negligence was the proximate cause of her injuries.
Trial proceeded, and the jury returned a verdict finding Sandra 40% negligent, and Costco 60% negligent. The plaintiffs were awarded $20,500.00 in damages, offset by Sandra's percentage of fault. The jury did not award any money on the loss of consortium claim brought by James.
Plaintiffs then filed a motion for new trial raising numerous issues. The plaintiffs claimed error in several evidentiary rulings, asserted that Costco's counsel's comments in closing argument were inappropriate and prejudicial, claimed the verdict was contrary to law and the manifest weight of the evidence, and argued the jury was confused in failing to award consortium damages. The trial court denied the motion for new trial, however awarded James $600.00 in consortium damages.
Of the numerous issues raised on appeal, we find reversal required by the improper comments made throughout defense counsel's argument which deprived the plaintiffs of a fair trial. Counsel for Costco made repeated comments about Sandra being a lawyer's wife and implied to the jury that James was attempting to hide the fact that he was a lawyer for a devious reason. Repeated references were also made about the plaintiffs' daughter and why she had not been called as a witness. Although counsel knew the daughter was estranged from the plaintiffs and had disappeared, he suggested she did not appear in court because she would have indicated that Sandra was at fault for the accident. Comments were also made accusing the plaintiffs of committing a fraud on the court and on the jury.
Reviewing the totality of the evidence, we find the comments made were both improper and harmful, thus requiring reversal. See Johnnides v. Amoco Oil Co., Inc., 778 So.2d 443 (Fla. 3d DCA 2001). Finding reversal is required by the improper comments, we do not address the several other contentions raised by the plaintiffs in this appeal.
Reversed.